UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARELLEN CARTER and
C.P., a minor,

                Plaintiffs,                CIVIL ACTION NO. 12-11088

            v.                    DISTRICT JUDGE DENISE PAGE HOOD

OAKLAND COUNTY PROSECUTOR,     MAGISTRATE JUDGE MARK A. RANDON

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 11)**

On March 12, 2012, Plaintiff Starellen Carter filed a *pro se* Complaint on behalf of her

minor daughter, C.P., alleging that the Oakland County Prosecutor committed prosecutorial

misconduct. (Dkt. No. 1). The Complaint does not allege any claimed violations of Carter's

own rights. Before the Court is Defendant's Motion to Dismiss. (Dkt. No. 11). Plaintiff did not

respond.

Federal law only permits parties personally or through counsel to conduct cases. *See* 28

U.S.C. §1654: "[i]n all courts of the United States the parties may plead and conduct *their own*

*cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to

manage and conduct cases therein." (Emphasis added). This statute does not allow a non-lawyer

to represent others. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) ("parents

cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action

is her own and does not belong to her parent or representative") (citation omitted). Accordingly,

it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for lack of standing.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: August 30, 2012

2

## Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 30, 2012, by electronic and/or ordinary mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*

3